RK

RECEIVED
2021 AUG 30 PM 3:09
U.S. COURT OF APPEALS
FOURTH CIRCUIT

Clerk's Office
U.S. Court of Appeals
For the Fourth Circuit
1100 East Main Street, 5th Fl.
Richmond, VA 23219

August 22, 2021

Re: Carlos Kinard v. U.S.A., No. 21-7118

Dear Clerk:

I am the Appellant in the above-action, and I'm a pro se Appellant. Due to the uncontrolled COVID-19 modified lock-down processes at U.S.P. Atwater, inmates are not allowed to access the law library for more than one-day per week, for 1½ - 2 hours. I have begun my typing process for my Appellant Brief, but two weeks in a row I was unable to visit the law library where type-writers are kept. In order to meet the August 23, filing deadline, I submitted a handwritten copy, so that my appeal will not be dismissed.

I am in the process of completing a typed copy of my brief, and will file a copy with the Court to replace the enclosed "hand-written" copy. Thus, I am requesting of the Clerk's Office to file the enclosed hand-written copy, and within a week of this letter's mailing, a full typed copy of my Appellate Brief will be filed with the Court and served upon the United States. The typed-copy is identical to the enclosed copy.

Sincerely,
Carlos Kinard
Carlos Kinard

No. 21-7118

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

CARLOS EMANUEL KINARD

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

RECEIVED
2021 AUG 30 PM 3:09
U.S. COURT OF APPEALS
FOURTH CIRCUIT

On Appeal from the United States District Court

for the Western District of North Carolina

Brief of Appellant Carlos Emanuel Kinard

Carlos Emanuel Kinard

Reg. No. 10769-058

United States Penitentiary

P.O. Box 019001

Atwater, CA 95301

TABLE OF CONTENTS


Page(s)

Table of Contents....................i

Tableeof Authorities....................ii

Statutes & Rules....................iv

Statement of Jurisdiction....................1

Statement of the IssuessPresented For Review....................1

Statement of the Case....................2

Statement of the Facts....................3

Summary of the Argument....................4

Argument....................5

Conclusion....................20

Certifieate of Compliance....................21

Certificate of Service....................22

Declaration of Inmate Filings....................23

## Table of Authorities

Page(s)


Apprendi v. New Jersey, ........................................8

Brown v. United States,

2020 U.S. Dist.LEXIS 45106 (D.Md. 2020)....................9

Gall v. United States, 552 U.S. 38 (2009)......................7

Hughes v. United States, 138 S. Ct. 1765 (2018)...............9

Kimgrough v. United States, 552 U.S. 85 (2007)...............12

Miller v. Alabama, 567 U.S. at 472.........................12,15

Pepper v. United States, 562 U.S. 476 (2011)..................18

Rita v. United States, 552 U.S. 338 (2007)....................17

United States v. Aller,

2020 U.S. Dist. LEXIS 166323 (S.D.N.Y. 2020)...............8

United States v. Ancrum,

2019 U.S. Dist. LEXIS 81455 (W.D. Va. 2019)...............20

United States v. Anderson, 2019 WL 4440088 (D.S.C. 2019)......11

United States v. Arvizu, 534 U.S. 266 (2002)..................18

United States v. Biggs,

2019 U.S. Dist.LEXIS 81509 (N.D. Ill 2019).............15,17

United States v. Booker, 543 U.S. 220 (005)...............passim

United States v. Blue, 877 F.3d 513 (4th Cir.).............15,17

United States v. Chambers,

2020 U.S. App. LEXIS 13106 (4th Cir. 2020)............5,7,20

United States v. Ellerby,

2020 U.S. Dist. LEXIS 83417 (D. Md. 2020).................8

United States v. Gluzman,

2020 U.S. Dist. LEXIS 13149 (S.D.N.Y. 2020)................19

United States v. Hill,

2020 U.S. Dist. LEXIS 75679 (D. Md. Apr. 30, 2020)..........9

United States v. Lancaster, No. 20-6571 (4th Cir. 2020).........5

United States v. Lynn, 912 F.3d 212 (4th Cir. 2019).............15

United States v. Maupin,

2019 U.S. App. LEXIS (4th Cir. 2019)..................passim

United States v. McCoy, 981 F.3d 402 (4th Cir.)................18

United States v. McDonald, 986 F.3d 402 (4th Cir. 2021)........19

United States v. Powell,

2021 WL 4889112, at *7 (D.Conn 2021)......................11

United States v. Randall,

2021 U.S. App. LEXIS 6058 (4th Cir. 2021)..................19

United States v. Rios,

2020 U.S. Dist. LEXIS 239974 (D. Conn. 2020)..............19

United States v. Rooks, No. 3:99 CR 312 (E.D. Va. 2020)........12

United States v. Ross, 912 F.3d 740 (4th Cir. 2019).........15,17

United States v. Rudisill, 834 F.App'x 827 (4th Cir. 2021).....19

United States v. Sloan,

2021 U.S. Dist. LEXIS 106864 (W.D.N.C. 2021)...............14

United States v. Tidwell,

2020 U.S. Dist LEXIS 139434 (E.D. Pa. 2020)................20

United States v. ventura,

864 F.3d 301 (4th Cir. 2017).........................4,5,20

## STATUTES

18 U.S.C. § 924(c) .................................... passim

18 U.S.C. § 3231 .................................... 1

18 U.S.C. § 3553(a) .................................... passim

18 U.S.C. § 3582(c)(1)(B) .................................... passim

18 U.S.C. § 3742(a) .................................... 1

21 U.S.C. § 841(b)(1)(C) .................................... 8

21 U.S.C. § 846 .................................... 10

28 U.S.C. § 1291 .................................... 4,6

28 U.S.C. § 1746 .................................... 23

## Guidelines

U.S.S.G.§§ 2A1.1 .................................... 9

U.S.S.G. § 3D.1.1(a)(3) .................................... 11

U.S.S.G. § 5H1.3 .................................... 3

U.S.S.G. § 5H1.4 .................................... 13

U.S.S.G. § 5K2.0(d)(1) .................................... 13

## RULES

Fed. R. App. P. 32(a) .................................... 21

Fed. R. App. P. 32(a)(7)(B)(iii) .................................... 21

## Amendments

Amendment 739

## STATEMENT OF JURISDICTION

The United States District Court for the Western District of North Carolina had subject matter jurisdiction over the proceeding pursuant to 18 U.S.C. § 3231.

Judgment entered July 13, 2021. Carlos Emanuel Kinard (hereinafter "Kinard") filed a Notice of Appeal on July 22, 2021, which was entered July 29, 2021.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), because this appeal disposes of all Kinard's claims.

## STATEMENT OF THE ISSUES

1. The District Court abused its discretion by failing to consider and granting reduction in sentence for "non-covered" offenses that were grouped with covered offenses, and by failing to reduce stacking section 924(c) sentences.

2. The District Court procedurally and substantially erred by failing to adequately consider non-frivolous arguments in light of United States v. Booker and the relevant Section 3553(a) factors that weighs strongly in favor of reduction in sentence.

## STATEMENT OF THE CASE

Appellant Carlos Kinard was convicted of conspiracy to possess with intent to distribute cocaine base (Count 1); conspiracy to commit violent crimes in aid of racketeering (Count 2); two counts of possession with intent to distribute cocaine base (Counts 11 & 12); two counts of assault with a dangerous weapon in aid of Racketeering (Counts 29 & 30); two counts of possession of firearm during drug trafficking crime (Counts 13 & 34); possession of firearm during a crime of violence (Count 33); and Murder in Aid of Racketeering (Count 28). As part of the sentencing process, counts 1, 11, 12, 28, 29, 31 and 32 were grouped with count 2 (conspiracy to commit violent crimes in aid of racketeering).

At sentencing, the district court imposed a term of life imprisonment for Counts 1, 2, 11, 12, 28, 31 and 32; to be served concurrently; twenty years for counts 29 and 30 concurrently; ten years for count 10 consecutively; twenty years for counts 33 and 34 consecutively. Kinard filed a direct appeal and the judgment affirmed by the Court of Appeals for the Fourth Circuit.

On or about November 7, 2020, Kinard filed a Motion For Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(B), and Section 404 of the First Step Act. The district court granted the motion in part and denied in part. In particular, the district court reduced three of Kinard's life sentences to 240 months, but leave the other sentences unchanged, denying the request for reduction of the non-covered offenses. A timely appeal was filed on or about July 29, 2021, and this appeal follows.

## STATEMENT OF RELEVANT FACTS

Appellant Carlos Kinard argued in his Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act that: (1) Counts 1, 11, and 12 are covered offenses that warrants reduction; (2) United States v. Maupin, 2019 U.S. App. LEXIS 27180 (4th Cir. 2019) held that the district court can consider whether a reduction is warranted for a RICO conspiracy count; (3) the district court has discretion to reduce Kinard's non-covered offenses and his section 924(c) stacking sentences; (4) the district court should consider Kinard's youth, age, and lack of maturity at the time the offenses were committed almost 28-years ago, in light of Booker's intervening change to the mandatory application of sentencing guidelines provisions, and Amendment 739 (codified in U.S.S.G. § 5H1.3).

Kinard further argued that the court should consider (5) society's evolving understanding of the adolescent brain in light of new scientific evidence; (6) Kinard's lengthy term already served; (7) his post-sentence conduct that demonstrate he is not a public safety risk; and (8) unwarranted sentencing disparities between Kinard's pre-Booker mandatory sentence and defendants sentenced post-Booker or resentenced pursuant to Section 404 of the First Step Act for similar offenses.

Kinard argued that his counts of convictions (excluding the §924(c) counts) were grouped, thus required unbundling of the sentencing package before any reduction of sentence were imposed. Lastly, Kinard requests a reduction in sentence to time-served, or a term sufficient but not greater than necessary to achieve the purposes of § 3553(a).

## SUMMARY OF THE ARGUMENT

The district court (Judge Graham Mullen) abused its discretion by failing to consider whether, after carefully examining Section 3553(a) factors, a reduction was warranted for the RICO conspiracy count in light of Maupin. The district court failed to order a revised PSI Report for a correct and updated calculation of the overall offense levels for both "covered" and "non-covered" offenses that were grouped for sentencing purposes.

Consistent with the Fourth Circuit's decision in United States v. Ventura, 864 F.3d 301, where such grouping of offenses occurred at sentencing, a district court can, in considering a First Step Act motion, reduce the sentence on all counts in a group if one of them qualifies as a covered offense. Because section 404(c)'s limitation on the application of Section 404(b) did not restrain the court from imposing a reduced sentence on all counts, the court abused its discretion by failing to do so or justifying not doing so.

Furthermore, the district court procedurally and substantially erred by failing to take into consideration Booker's intervening change to sentencing guidelines applications; Kinard's age when the RICO conspiracy began and when the substantive offenses were committed; society's evolving understanding of brain-development phases for adolescents, in conjunction with Amendment 739 and the related § 3553(a) factors. The district court failed to consider Kinard's non-frivolous mitigating arguments, and provided no justifiable reasons to disregard its consideration of these sentencing factors under § 3553(a).

The district court's order, denying Kinard a reduction in sentence of his "non-covered" offenses, including the RICO conspiracy and the stacking § 924(c) sentences represents a clear error in judgment and thus abused its discretion, that resulted in procedural and substantive errors.

Accordingly, this Court should vacate the July 13, 2021 Order, denying Kinard reduction in his non-covered offenses sentence; and remand for further proceeding consistent with United States v. Maupin, No. 19-6817, 2019 U.S. App. LEXIS 27180; United States v. Ventura, 864 F.3d 301 (4th Cir. 2017); United States v. Lancaster, No. 20-6571 (4th Cir May 7, 2021); United States v. Chambers, No. 19-7104, 2020 U.S. App. LEXIS 13106 (4th Cir 2020), and Booker.

## ARGUMENT

**I. District court abused its discretion by failing to consider and granting a reduction of sentence for the "non-covered" offenses that were grouped with the "covered offenses," and by failing to reduce 924(c) stacking sentences.**

In this instant § 3582(c)(1)(B) proceeding, the district court misapprended the scope of its authority under the First Step Act regarding the Act's application to "non-covered" offenses, and to what extent the Act limits the district court's discretionary authority. In its order, dated 07/13/21, the district court noted that, [Kinard] argues that he is eligible for a reduction on his drug-trafficking offenses and that the court has discretion to reduce

his sentence for the other offenses as well. Defendant further requests that the court reduce his Section 924(c) firearm offense sentences pursuant to the changes in "stacking" that were made through Section 403 of the First Step Act. *See* 7/13/21 Order at p. 2 of 6. The Government opposes the motion on the basis that a sentence reduction would not reduce Kinard's aggregate sentence. Thereafter, the district court took the position of the Government, concluding that, "this sentence reduction in no way changes [Kinard's] aggregate sentence. *See* 7/13/21 Order at p. 3 of 6. In arriving at this conclusion, and failing to exercise its expansive authority under the First Step Act to reduce non-covered offense sentences, the district court abused its discretion.

## A. District court has discretion and authority to reduce non-covered offense sentences.

Section 404(c) of the Act contains two express limitations on the application of Section 404(b). In other words, even if a sentence involves a covered offense, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made in Section 2 and 3 of the Fair Sentencing Act of 2010... or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." § 404(c). Congress easily could have limited the reach of Section 404 to the five statutory provisions directly amended by Section 2 and 3 of the Fair Sentencing Act, but it did not.

In United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), this Circuit held, "[B]ecause the First Step Act of 2018 did not constrain courts from recognizing United States Sentencing Guidelines errors, and because the district court seemingly believe that it could not vary from the Guidelines range to reflect post-sentencing information, the district court erred in resentencing defendant." Id.

First Step Act motions fall under § 3582(c)(1)(B), a distinct exception to finality. In sharp contrast to § 3582(c)(2), the § 3582(c)(1)(B) exception authorizes courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." See United States v. Wirsing, 943 F.3d at 184-85 (quoting 18 U.S.C. § 3582(c)(1)(B)). The Fourth Circuit explained in Wirsing, "there is no reason to suppose that motions brought pursuant to § 3582(c)(1)(B) are subject to the restrictions particular to § 3582(c)(2), which are grounded in the text of the latter statute." See id. at 185.

At Kinard's original sentencing proceeding, both the Probation Office and the court grouped all the substantive racketeering offenses for sentencing purposes. However, at the Section 404 proceeding, the district court failed to recalculate the Guidelines range, or unbundled the grouped-counts. As the Fourth Circuit held in Chambers, "when imposing a new sentence, a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." Gall v. United States, 552 U.S. 38, 49 (2007). That is why the sentencing court in this case should have ordered a supplementary PSR before imposing Kinard's reduced sentence, but refused to do so.

Crucial to this appeal is the district court's conclusion that a reduction in sentence for Kinard's "covered offenses" does not change the aggregate sentence, without the court reviewing the non-covered offense sentences in the light of intervening change of the laws. It is clear from the court's order that the court applied Apprendi's default sentencing penalty under § 841(b)(1)(C) for the drug-trafficking offenses because the jury did not return a drug-quantity finding. Nevertheless, the court chose not to treat the sentencing guidelines as advisory, and consider the non-covered offenses under Booker and the relevant § 3553(a) factors. Given the fact that nothing in Section 404(c) limited the court's discretion from reducing Kinard's non-covered offense sentences, but the court concluded a reduction does not change the aggregate sentences, Kinard argues that the district court misapprehended the scope of its authority under the First Step Act, and as such, abused its discretion in denying a reduction of the non-covered offense sentences.

District courts across the country are reducing sentences for non-covered offenses in cases that the defendants were sentenced to "covered offenses" See e.g., United States v. Aller, No. 00-cr-977 (JGK), 2020 U.S. Dist. LEXIS 166323 (S.D.N.Y. Sept. 11, 2020). In Aller, the defendant was convicted of drug-trafficking offenses, along with conspiracy to commit murder in aid of racketeering, and sentenced to a total of 50 years. Aller sought sentencing reduction under section 404(b) for both his "covered" and non-covered offenses, and the district court granted relief; see also, United States v. Ellerby, 2020 U.S. Dist. LEXIS 83471,

(D. Md. May 12, 2020)(employing sentencing package doctrine, and granted reduction of sentence on covered and non-covered offenses to time served); United States v. Hill, 2020 U.S. Dist. LEXIS 31861 (D. Md. Feb 24, 2020)(same); but see United States v. Hill, 2020 U.S. Dist. LEXIS 75679 (D. Md. Apr. 30, 2020). In this case ("Hill"), the district court granted a holistic-type reduction of three "covered" offenses and murder. In Brown v. United States, 2020 U.S. Dist. LEXIS 45106 (D. Md. Mar. 16, 2020), Brown was convicted of four counts of drug-trafficking of cocaine base, three counts of § 924(c), and at sentencing the court cross referenced to U.S.S.G. § 2A1.1 because a killing took place during the conspiracy. The court sentenced Brown to Life plus 30 years. However, upon consideration of Brown's Section 404(b) Motion, the district court reduced both covered and non-covered offenses from life plus 30 years to 40-years.

In similar fashion, the district court had full discretionary authority to reduce Kinard's four remaining life sentences in light of Section 404 of the First Step Act, but failed to do so due to its conclusion that these sentences are not affected by the First Step Act and Section 404. However, a proper application of the court's discretionary authority could have reduced all non-covered offenses to a term sufficient but not greater than necessary. See e.g. United States v. Maupin, No. 19-6817, 2019 U.S. App. LEXIS 27180 (4th Cir. 2019). In Maupin, the defendant was sentenced to RICO conspiracy, which included attempted murder, kidnapping, robbery, and drug-trafficking of cocaine base, heroin, PCP, and marijuana. Maupin was sentenced to 20-years. On October 3, 2018, the district court reduced Maupin's sentence under Amendment 782 and Hughes v. United States, 138 S. Ct 1765 (2018), to 210 months.

After the First Step Act was enacted, Maupin moves the court upon a Motion for Reduction of Sentence pursuant to § 3582(c)(1)(B) and Section 404. He reasoned his RICO conviction is a "covered offense" because the maximum penalty was determined by the racketeering activity, which he defined as a drug conspiracy involving more than 50 grams of cocaine base. The United States opposed Maupin's motion, arguing that RICO was not a "covered offense" under the First Step Act, because neither Section 2 nor 3 of the Fair Sentencing Act amended the penalties for RICO.

The district court denied Maupin's motion and he appealed. While the appeal was pending, the United States changed its position and agreed that RICO is a "covered offense," and agreed the Fourth Circuit should remand the case to the district court to allow the court to consider whether to reduce Maupin's sentence in the exercise of its discretion.

On appeal, the Fourth Circuit held that "the statutory penalties associated with RICO simply do not fit the description of a covered offense." However, the Court further held: "[A] defendant... may be eligible even if he was convicted under a statute other than those directly amended by Sections 2 and 3 of the FSA... The same is true of a defendant convicted under RICO, provided that the defendant's statutory maximum was increased to life as a result of a racketeering activity involving cocaine base that would no longer carry a maximum penalty of life imprisonment. Just as the statutory penalties associated with a violation of Section 846 were 'modified by' the Fair Sentencing Act, so too were the statutory penalties associated with certain violations of RICO." Id.

The Fourth Circuit remanded Maupin's case to the district court to allow the court to consider whether to reduce Maupin's sentence in the exercise of its discretion.

## B. District court was required to consider the application of the sentencing packaging doctrine.

In a sentencing procedure, the guidelines require the court to use a combined offense for all counts. U.S.S.G. § 3D1.1(a)(3). Because the potential reduced penalties for covered offenses could influence the range of recommended penalties for non-covered offenses, "impos[ing] a reduced sentence as if... the Fair Sentencing Act ... were in effect" entails resentencing on all counts. United States v. Biggs, 2019 U.S. Dist. LEXIS 81509 (N.D. Ill. May 15, 2019); see also, United States v. Powell, No. 3:99 CR-264-18 (VAB), 2021 WL 4889112, at *7 (D. Conn. Oct 3, 2019)(noting that, where RICO, RICO Conspiracy and other offenses were all addressed together with the crack cocaine violations as part of a single sentencing package, the court had the authority to reduce the defendant's sentence on all counts under the First Step Act); **United States v. Washington**, No. 03 cr 20045-JES-DGB, 2019 U.S. Dist LEXIS 168118, 2019 WL 4750575, at *3 (C.D. Ill. Sept. 30, 2019)(suggesting that, when enacting § 404(b) of the First Step Act, Congress gave district courts the authority to reduce "aggregate" sentences involving both covered and non-covered offenses); United States v. Anderson, 2019 WL 4440088, at *4, n.2 (D.S.C. Sept. 17, 2019) (recognizing that, where a defendant is eligible for a First Step Act reduction on a covered offense, the court "has the authority and discretion to unbundle the sentence and impose a reduced sentence on both [covered and non-covered] counts").

The district court in Kinard's case did not consider Kinard's sentencing package doctrine, or whether the non-covered offenses could be reduced in light of Booker and the relevant

section 3553(a) factors including Kinard's youthfulness under 3553(a)(1)'s "history and characteristics of the offender." Albeit, Count 28 ("Murder in Aid of Racketeering") produced offense level 43, the district court had authority to depart downwardly from life to a term sufficient but not greater than necessary to achieve the purposes of sentencing and §3553(a).

In the post Miller v. Alabama era, numerous district courts has exercised their discretion under § 3582(c)(1)(A) and § 3582(c)(1)(B) in light of Congress's intent established in the First Step Act, and reduced mandatory life sentences imposed pre-Booker or pre-Apprendi. Majority of those cases involves defendants (like Kinard) who committed their underlying crimes, including murder when they were 18 to 20 years old. Thus, a base offense level of 43 did not prevent the district court from exercising its discretion to reduce Kinard's non-covered offenses including the sentence for Count 28. See e.g. United States v. Rooks, No. 3:99-CR-312-02 (E.D. Va. 2020)(district court reduced defendant's life sentences for "covered" and non covered murder and firearm offenses under section 3582(c)(1)(B) to 262 months).

Put simply, the correction of one sentence may necessitate the unbundling of a defendant's overall sentences. Kinard's advisory sentencing guidelines were subjected to change had the district court unbundle the old-sentencing package and adequately considered the relevant §3553(a) factors, and mitigating arguments. See e.g. Kimbrough v. United States, 552 U.S. 85, 109-110 (2007)(recognizing discretion to disagree with a guideline and to reject it). The Kimbrough Court expressly noted that "a sentencing judge's discretion post-Booker is not absolutely constrained even when

he tangles with the Guidelines formulas themselves. This means that a judge may find that the Guidelines for a crime are not rational and do not properly reflect the factors in § 3553(a)." Id.

Kinard was placed in Criminal History Category, I. His based offense levels for Counts 31 & 32 (Kidnapping in Aid of Racketeering) were aggregated to level 43 even though none of the victims listed in Counts 31 and 32 were killed, and neither did the jury voted that death resulted from the kidnapping offenses in Counts 31 and 32. Thus, an adequate review of section 3553(a) factors, Kinard's youthfulness and **Amendment** 739 could have provided grounds for a downward variance from offense level 43. See also, §§ 5H1.12, 5K2.0(d)(1), and § 5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse), factors that are documented in Kinard's PSR at ¶ 119.

/
/
/
/
/
/
/
/
/
/
/
/

## C. District court abused its discretion in denying a reduction of Appellant's stacking 924(c) sentences.

Kinard argued that the district court had authority to reduce his stacking 924(c)'s fifty years sentence pursuant to Section 403 of the First Step Act. In its denial order, the court held that "[W]hile Defendant was subject to the stacking that occurred prior to the First Step Act, the court is not required to reduce his sentence since the changes made in the First Step Act were not retroactive for cases as his." The court reiterated the nature of the offenses, and denied the request for a reduction of the 924(c) stacking sentences. See 07/13/21 Order at p. 5 of 6. The court made clear, it only "considered the circumstances of this case." Not once did the court considered the "history and characteristics of the offender"; post-sentencing conduct; and other factors that weighed in favor of a reduction, as the court did in United States v. Sloan, No. 93-cr-00028 GCM, 2021 U.S. Dist. LEXIS 106864 (W.D.N.C. June 8, 2021).

In Sloan, the court (Judge Graham Mullen), granted a reduction of Sloan's stacking §924(c) sentence of 540 months, albeit, the changes made in the First Step Act were not retroactive for Sloan's case. Judge Mullen decided Sloan's case one month before it denied Kinard the same relief granted to Sloan. The court pointed out the unwarranted disparity Sloan's stacking sentence produced; the severity of Sloan's 540 months compared to post-First Step Act sentences for the same offenses. The court exercised its discretion by reducing Sloan's aggregate sentence, but willfully and abusively disregarded its authority to reduce Kinard's 600 months stacking sentence. This is nothing short of an abuse-of-discretion, and a disregard of fairness.

II. The District Court procedurally and substantially erred by failing to adequately consider Appellant's non-frivolous arguments in light of Booker and the relevant Section 3553(a) factors that weighs in favor of reduction in sentence.

In determining procedural reasonableness, the Fourth Circuit consider, among other things, whether the court... considered the §3553(a) factors, and sufficiently explained the selected sentence. United States v. Lynn, 912 F.3d 212, 216 (4th Cir. 2019); United States v. Ross, 912 F.3d 740, 745 (4th Cir. 2019) (holding that the trial court abused its discretion in failing to address the defendant's non-frivolous argument...); United States v. Blue, 877 F.3d 513, 519-20 (holding that the district court abused its discretion by failing to address six of the defendant's eight non-frivolous sentencing arguments).

In Kinard's case, he argued that the court should consider his youthfulness at the time the underlying crimes were committed including the young age he joined the RICO conspiracy. Kinard committed the substantive offenses between 18 to 19 years old. See ¶ 22 of PSR. Kinard presented evidence from recent studies on the development of the human brain, which is not complete until age twenty-five along with testimonial evidence of Dr. Laurence Steinberg, a professor of psychology at Temple University and an expert in adolescent cognitive development, to support his argument. Kinard presented a lengthy argument that is also acknowledged by the U.S. Supreme Court in Miller v. Alabama, that recent research has established that the areas of the human brain dealing with "judgment and decision making" continue to mature well into our 20s. Miller, 567 U.S. at 472, n.5.

Kinard presented numerous district court cases in which the courts granted reduction of life sentences for murder because the defendants committed the crimes in their youthful years between ages 18 and 20. See, Kinard's Motion for Reduction in Sentence, p. 14-17, and his Reply to the Government's Response to his Motion for Reduction in Sentence, p. 9-11 (incorporating Amendment 739).

Furthermore, Kinard argued that the guidelines were no longer mandatory under Booker, thus, the court was free to grant a non-guideline sentence. Most importantly, Kinard argued at great length the factors enumerated in Section 3553(a). See, Motion for Reduction in Sentence: Nature and circumstances of the offense-history and characteristics of the defendant, p. 13; Youthfulness, p. 14-17; the need for the sentence imposed, p. 18; to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, p. 18; to afford adequate deterrence to criminal conduct, p. 19; to protect the public from further crimes of the defendant, p. 20; to provide the defendant with needed education or vocational training... or other correctional treatment, p. 20; the kinds of sentences available, and the need to avoid unwarranted sentencing disparities, p. 21.

Kinard elaborated on the section 3553(a) factors in his Reply submission, citing Fourth Circuit's First Step Act cases along with district court cases in which defendants sentences were reduced significantly under Section 404 and 403 of the First Step Act, and Booker.

While there are no bright line rules in how district

courts review section 3553(a) factors, the Supreme Court held that, "[T]he sentencing judge should set forth enough to satisfy the appellate court, that he has considered the parties arguments and has a reasoned basis for exercising his own legal decision making authority." Rita v. United States, 551 U.S. 338, 356 (2007). This standard requires the district court to "address or consider all non-frivolous reasons presented for imposing a different sentence, and explain why he has rejected those arguments." United States v. Ross, 912 F.3d 740, 744 (4th Cir. 2019). "[A] perfuntory recitation of the defendant's argument or the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decision making or provide adequate basis for appellate review." See United States v Blue, 877 F.3d 513, 518 (4th Cir. 2017). Rather, the district court must provide some individualized assessment justifying the sentence imposed and rejection of the arguments for a higher or lower sentence based on § 3553(a)." Ross, 912 F.3d at 744; Blue, 877 F.3d at 519.

In this case, Judge Mullen provided no reasons why he rejected Kinard's non-frivolous arguments that weighs in favor of a sentence reduction on all non-covered offenses and his stacking 924(c) sentence. The non-frivolous arguments consists of: (1) Society's evolving understanding of the adolescent brain development, supported by new scientific neurology evidence; (2) Booker's intervening change to the sentencing guidelines; (3) Amendment 739 and U.S.S.G § 5H1.3 that allows courts (post-Booker) to consider **age/youth** fulness as a § 3553(a) factor;

(4) Kinard's post-sentence rehabilitation; (5) the 28 years he has already served; (6) proof of unwarranted disparity with codefendants who has already been released and other similarly situated defendants who received reduction of non-covered offenses and were youthful offenders when the underlying crimes were committed; (7) the Fourth Circuit's decision in Maupin, regarding the court's consideration of reduction in sentence for RICO sentence; (8) other sentences were available under § 3553(a)(3), and (9) Kinard is not a public safety risk.

The district court simply ignored seriatim the non frivolous arguments Kinard presented without considering how they interact with each other or otherwise aggregate to support finding that his non-covered offenses and stacking § 924(c) sentences warrants reduction in sentence, if not, immediate release after serving an equivalent of 33 years since a youthful age of 19 years old. The district court considering circumstances in isolation from each other did not account for their totality. See United States v. Arvizu, 534 U.S. 266, 274 (2002)("evaluation and rejection of ... factors in isolation from each other does not take into account the 'totality of the circumstances'").

Changes in the sentencing law landscape are relevant to the court's analysis of whether the court's sentence appropriately addresses the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public. McCoy, 981 F.3d at 285. Here, the district court procedurally and substantially erred in failing to place significant weight on Kinard's post-sentence conduct that provides the most up-to-date picture of his history and characteristics. See, Pepper v. United States, 562 U.S. 476

492 (2011)(citing 18 U.S.C. § 3553(a)(1)); United States v. McDonald, 986 F.3d 402 (4th Cir. 2021)(noting that on a motion to reduce sentence under the First Step Act, district court must consider defendant's post-sentencing conduct); United States v. Randall, __ F. App'x __, 2021 U.S. App. LEXIS 6058, 2021 WL 796428, at *1 (4th Cir. Mar. 2, 2021)("[A] district court must provide an individualized explanation for denying a sentence reduction motion under the First Step Act when the defendant presents evidence of his post-sentencing rehabilitation"); United States v. Rudisill, 834 F. App'x 827, 829 (4th Cir. 2021)(finding district judge abused his discretion in denying motion under the First Step Act without addressing defendant's post-sentencing conduct).

Kinard, who is now 47 years of age, has already served 28 years (approximately 336 months) in prison. Adjusting for good time credit, Kinard has served approximately 33 years. Numerous Courts has concluded that 25 to 30 years for murder is sufficient, and any additional imprisonment would be deemed greater than necessary. See e.g. United States v. Gluzman, 2020 U.S. Dist. LEXIS 131749 (S.D.N.Y. July 23, 2020)(convicted of murder, and obtained reduction in life sentence to time-served (24 years), pursuant to § 3582(c)(1)(A)). In Gluzman, the court held that "Gluzman's 24 years served in prison is sufficient to achieve the purposes outlined in 18 U.S.C. § 3553(a)(1)-(2)," and that "a longer sentence would be greater than necessary." See also, United States v. Rios, 2020 U.S. Dist. LEXIS 239974 (D. Conn. Dec. 8, 2020), in which the court reduced

Rios's life sentence for a murder he committed prior to age 19, to a term of 26-years and time served; United States v. Tidwell, 2020 U.S. Dist LEXIS 139434 (E.D. Pa. Aug. 5, 2020) (reducing life without parole to 27-years for two counts of murder among other conspiracy, drug, and weapons offenses); see also, United States v. Ancrum, 2019 U.S. Dist. LEXIS 81455, at *5 (W.D. Va. May 14, 2019)(reducing a life sentence under the First Step Act even though the guidelines still recommended a sentence of 360 to life).

According to statistics released by the U.S. Sentencing Commission for fiscal year 2018, the national average sentence for murder was 291 months, and the Fourth Circuit average was 327 months. The national average in fiscal year 2019 was 255 months. See Table 15, "Sentence Imposed by Type of Crime," https://www.ussc.gov/2019-Annual-Report-and-Sourcebook ("2019 Sourcebook").

## Conclusion

For all the foregoing reasons, Appellant Carlos Emanuel Kinard, respectfully ask this Court to vacate the district court's July 13, 2021 order denying him § 3582(c)(1)(B) and First Step Act reduction in sentence for all non-covered offenses, and remand the case for further proceeding consistent with Maupin, Chambers, Ross, Ventura, and Booker.

Respectfully submitted

Dated: August 23, 2021

Carlos Kinard

Carlos Emanuel Kinard

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)

I hereby certify that:

1. This brief complies with the line -limitation of Fed. R. App. P. 32(a) because this brief contains 548 lines, excluding the parts of the brief exempted under Fed. R. App. P. 32(a)(7)(B)(iii).

Dated: August 23rd, 2021

Carlos Emanuel Kinard

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021 (date) I sent a copy of the Appellant/Petitioner's Opening Brief to Amy E. Ray, Assistant U.S Attorney (Opposing Party or Attorney), at United States Courthouse, 100 Otis Street, Room 233, Asheville, NC 28801, the last known address, by United States mail or courier.

08/23/2021
Date

Signature

Declaration of Inmate Filing

United States Court of Appeals for the Fourth Circuit

| | | |
|---|---|---|
| Carlos Emanuel Kinard, | ) | |
| Plaintiff-Appellant, | ) | Case No. 21-7118 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| Respondent-Appellee. | ) | |

I am an inmate confined at U.S.P. Atwater, a federal facility. Today, August 23, 2021, I am depositing the Brief of Appellant Carlos Emanuel Kinard in the prison's internal mail system, First class postage being paid by me.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature [signature]

Signed on 08 / 23 /2021.